IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Carl Ware, # HC08081435134, | ) |
| | ) |
| | ) Civil Action No. 6:16-269-RMG-KFM |
| Plaintiff, | ) |
| | ) **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) |
| | ) |
| Phillip Thompson, Sheriff; | ) |
| Mark Lazarus, Chairman Horry County | ) |
| Council [*sic*]; Tom Fox, Director J.R.L. | ) |
| Det. Ctr.; Joey Johnson, Major J.R.L. | ) |
| Det. Ctr.; Southern Health Partners; | ) |
| Chris Gilbert, Medical Director; | ) |
| Doctor Cross; Larry B. Hyman, | ) |
| Judge 15th Judicial Circuit; | ) |
| | ) |
| Defendants. | ) |

The plaintiff is a pretrial detainee at the J. Reuben Long Detention Center in Conway, South Carolina. In the above-captioned case, the plaintiff alleges denial of medical care, deliberate indifference to serious medical needs, and an inmate attack. The plaintiff also complains about a ruling (the denial of his motion to "fire" his trial counsel) issued by South Carolina Circuit Judge Larry B. Hyman in the plaintiff's pending criminal case.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's allegations are assumed to be true. *Merriweather v.*

*Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to ***partial*** summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Circuit Court for Horry County is a court in the State of South Carolina's unified judicial system. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); and *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989). South Carolina Circuit Judges are judges in the State of South Carolina's unified judicial system. *See In the Matter of Peeples*, 374 S.E.2d 674, 676–78 (S.C. 1988). Judge Hyman is immune from suit with respect to his actions in the plaintiff's case, including the denial of the plaintiff's motion to "fire" his attorney. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 351–64 (1978); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

It is, therefore, recommended that the District Court summarily dismiss Judge Larry B. Hyman *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

February 1, 2016                                s/ Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).